IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANNA MARSH-LEIGH,            )
                             )
        Plaintiff,            )
                             )
    v.                       )   No. 16 C 7003
                             )
EXECUTIVE CONCIERGE SERVICES,)
INC., et al.,                )
                             )
        Defendants.           )

# **OPINION AND ORDER**

*Pro se* plaintiff Anna Marsh-Leigh works as a doorwoman for defendant Executive Concierge Services ("ECS"), at a residential building located at 550 N. St. Clair in Chicago, Illinois. Also named as defendants are property manager Midwest Management and six individuals who are officers, employees, or independent contractors of ECS. No government entity is named as a defendant. Plaintiff alleges that she is paid $11 per hour and she contends she should have received $352 for working 32 hours during one pay period, but only received $264; that is, $88 short (8 x $11). This implies there is no withholding and is indicative of being an independent contractor. In her request for relief,

plaintiff refers to the failure to provide her with a 1099 Form, but also complains about there being no payroll deductions.

Plaintiff filed this action on July 6, 2016 and filed what she deemed an emergency motion for a show cause order that she presented the following day. When she appeared in court on July 7, plaintiff represented that she had not yet served any papers on defendants because her motion to proceed *in forma pauperis* had not yet been ruled upon. Plaintiff's claimed emergency is that, due to reduced hours and nonpayment of the $88, plaintiff is unable to meet her rent and will potentially have her credit rating damaged and be evicted. Plaintiff meets the financial requirements to proceed *in forma pauperis* , but, as explained below, there is no proper jurisdictions so her claim is frivolous and leave to proceed *in forma pauperis* will be denied, as will the emergency motion. The case will be dismissed without prejudice for lack of subject matter jurisdiction. No federal claims are stated, diversity of citizenship does not exist, and the amount in controversy does not exceed $75,000. Plaintiff may instead choose to proceed in state court. Alternatively, within 28 days she may move to file an amended complaint that has a proper basis for jurisdiction and is not frivolous. No opinion is expressed as regards the merits of plaintiff's claims.

Plaintiff contends she is being retaliated against for doing dog-walking services for a resident of the building at which she works. Allegedly in retaliation, her 32-40 hours per week and some overtime has been reduced to 16 hours per week and she was shorted $88 in one paycheck. Plaintiff labels her claims as being pursuant to 42 U.S.C. § 1983 and in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. In her Complaint, plaintiff refers to her cause of action as being retaliating against her for what she does on her personal days, defendants treating her like their "slave," and defendants creating a hostile work environment. Plaintiff's second cause of action is being "denied the right to make an honest living without mental and personal duress brought by the Defendants." The complaint contains no references to plaintiff's race and does not allege race discrimination or any other protected category of discrimination. The memorandum in support of the show cause motion also makes no mention of discrimination. In addition to the $88, plaintiff seeks a $36 per day late fee and compensatory damages of $3,250, apparently for mental suffering.

Since no state action is alleged plaintiff has no claim under § 1983. If the Fair Labor Standards Act ("FLSA") applies to her work situation, plaintiff's allegations could be construed as her not being paid anything for one day's work,

which arguably would support a minimum wage claim for 8 hours times the applicable minimum wage. However, plaintiff does not allege facts supporting that ECS is an employer covered by the FLSA. She also does not allege facts supporting that she was an employee-employer relationship with ECS. Instead, plaintiff's allegations indicate she was an independent contractor. Plaintiff may have state law claims she can bring in state court, but she does not adequately allege any nonfrivolous federal claim that would support jurisdiction in a federal court.

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* [5] is denied without prejudice to moving, within 28 days, to file an amended complaint that states nonfrivolous claims and a nonfrivolous basis for jurisdiction. Plaintiff's motion for order to show cause [4] is denied without prejudice.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: JULY 8, 2016